IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-19-0036 |
| ANTHONY DINKINS, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Anthony Dinkins' pro se Motion for a sentence reduction based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. (ECF No. 1669.) The Office of the Federal Public Defender notified the Court that it will not be filing a supplement to Defendant's pro se Motion. (ECF No. 1670.) The Court will deny Defendant's Motion.

## I.   BACKGROUND

In December 2019, Defendant was charged by superseding indictment with three counts relating to his participation in a drug distribution conspiracy. (ECF No. 276.) As part of his participation in the conspiracy, Defendant "possessed, carried and used firearms." (ECF No. 483 at 10.) On one occasion, Defendant and a member of a rival organization exchanged gunfire on a public street in Baltimore. (*Id.*) Defendant shot the rival gang member in the leg and arm. (*Id.*)

In September 2020, Defendant pled guilty before Judge Blake to one count of Discharging a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c). (*Id.* at 1.) In exchange for this guilty plea, the government agreed to dismiss the remaining two counts against Defendant. The plea agreement, made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), noted that Defendant's "anticipated adjusted offense level" was 15. (*Id.* at 5.) The

parties did not agree as to Defendant's criminal history. (*Id.*) The parties then agreed that the appropriate sentence for Defendant was 204 months of incarceration. (*Id.* at 6.) Judge Blake accepted the plea agreement and imposed the stipulated sentence of 204 months of incarceration. (*See* ECF No. 562.)

## II.    DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may move for a reduction in his sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." If the Court finds that this condition is met, then the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant argues that either Part A or Part B of Amendment 821 applies to his case. The Court begins with Part B. This provision permits certain zero-point offenders (i.e., criminal defendants with no criminal history points) to obtain a reduction of their offense level. But this provision is plainly inapplicable to Defendant because he had two criminal history points at the time of his sentencing. (ECF No. 535 at 7.)

The Court now turns to Part A. This provision limits the criminal history impact of "status points." Prior to Amendment 821, a defendant received two criminal history points if he committed the charged offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (U.S. Sent'g Comm'n 2023). However, Part A of Amendment 821 "eliminates any status points for a defendant who has six or fewer criminal history points." *United States v. Wright*, Crim. No. ELH-08-0381, 2025 WL 1677005, at *6 (D. Md. June 13, 2025) (internal

quotation marks omitted). When he was sentenced, Defendant had two criminal history points and was also assessed two status points, which gave him a total criminal history score of 4 and a criminal history category of III. (ECF No. 535 at 7.) But under Part A of Amendment 821, Defendant would no longer receive the two additional status points. Thus, his total criminal history score would be two and his criminal history category would be II. Accordingly, under Part A, Defendant's Guidelines range would be reduced.

However, the Court cannot grant a sentence reduction because Defendant was not "sentenced to a term of imprisonment *based on*" this Guidelines range. 18 U.S.C. § 3582(c)(2) (emphasis added). As Judge Hollander has explained, "Amendment 821 has no bearing on [D]efendant's sentence" when "the Court did not sentence [D]efendant based on the Guidelines." *United States v. Ali*, Crim. No. ELH-19-0280, 2026 WL 395093, at *5 (D. Md. Feb. 12, 2026). Here, Defendant pled guilty in accordance with a plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This is known as a "Type-C agreement." In a Type-C agreement, the government and defendant "'agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply,' and 'such a recommendation or request binds the court once the court accepts the plea agreement.'" *Hughes v. United States*, 584 U.S. 675, 682 (2018) (quoting Fed. R. Crim. P. 11(c)(1)(C)). In *Hughes*, the Supreme Court explained that a "sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id.* at 686. That is because the "Sentencing Guidelines prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id.* at 687. Thus, "in the usual case the court's acceptance of a

3

Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.*

But the Court also elaborated on when a case is not "usual" such that a sentence is not "based on" the Guidelines range. It explained:

> If the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable. And that is so regardless of whether a defendant pleaded guilty pursuant to a Type-C agreement or whether the agreement itself referred to a Guidelines range.

*Id.* (internal quotation marks and citation omitted). Further, just because a district court judge calculates the Guidelines range—as is required in each case—it "does not follow that any sentence subsequently imposed must be regarded as 'based on' a Guidelines range." *Koons v. United States,* 584 U.S. 700, 706 (2018). "What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed." *Id.*

This is one such unusual case where the sentence was not "based on" the Guidelines. While the plea agreement referred to an "anticipated adjusted offense level," the parties did not agree as to Defendant's criminal history or to what his ultimate Guidelines range should be. (ECF No. 483 at 5.) Instead, they stipulated that Defendant's sentence should be 204 months' imprisonment. (*Id.* at 6.) Judge Blake then accepted this Type-C agreement and imposed a sentence of 204 months' imprisonment. In doing so, she mentioned the Guidelines at the beginning of the hearing merely to note that they had been calculated. Recording of Sentencing Hearing at 2:43:30–2:44:25.[1] She emphasized that these were only "one factor" and she then heard from both parties as to why their "specific recommendation was reasonable under 3553(a)." *Id.* When Judge Blake

---

[1] There is no transcript of Defendant's sentencing hearing. However, the hearing was recorded using the Court's FTR Gold system. The Court's citations are to the timestamps as they appear on the recording.

4

ultimately imposed sentence, she explained that 204 months was a "reasonable disposition" based on her assessment of the serious of the offense, the need to protect the public, and Defendant's personal characteristics. *Id.* at 2:57:30–3:00:15. Because the Guidelines range "was not a relevant part of the analytic framework" that Judge Blake used to determine the sentence, *Hughes*, 584 U.S. at 687, Defendant's sentence was not "based on" a sentencing range that has since been lowered by the Sentencing Commission. Accordingly, Defendant is not entitled to relief under § 3582(c)(2).

Finally, "[a] movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). Here, Defendant has failed to discuss the § 3553(a) factors at all. Accordingly, he has not carried his burden of showing that these factors justify a sentence reduction. This constitutes an independent basis to deny Defendant's Motion.

## III.   CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for a sentence reduction (ECF No. 1669) is DENIED.

DATED this __3__ day of June, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

5